**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-4514-18T4

STATE OF NEW JERSEY,

    Plaintiff-Respondent,

v.

BENJAMIN CAPERS a/k/a
BENJAMIN COOPER,

    Defendant-Appellant.

_____

Submitted September 14, 2020 – Decided November 20, 2020

Before Judges Suter and Smith.

On appeal from the Superior Court of New Jersey, Law Division, Union County, Indictment Nos. 09-04-0384 and 09-04-0385.

Joseph E. Krakora, Public Defender, attorney for appellant (Steven M. Gilson, Designated Counsel, on the brief).

Lyndsay V. Ruotolo, Acting Union County Prosecutor, attorney for respondent (Milton S. Leibowitz, Special Deputy Attorney General/Acting Assistant Prosecutor, of counsel and on the brief).

PER CURIAM

Defendant Benjamin Capers appeals from a denial of his second petition for post-conviction relief (PCR). For the reasons that follow, we affirm.

Defendant was convicted of two counts of robbery, N.J.S.A. 2C:15-1; one count of certain persons not to possess weapons, N.J.S.A. 2C:39-7; and various lesser charges. On October 21, 2010, defendant was sentenced by a judge to serve forty-five years in prison.

The defendant filed a PCR on December 9, 2013. On June 26, 2015, a judge who did not try the case denied the petition without an evidentiary hearing. On July 31, 2017, we affirmed.

The defendant filed a second PCR petition on July 27, 2018. A second PCR judge denied it on May 23, 2019. Defendant appealed.

I.

On January 12, 2009, while working at his store, Mayan Makim was robbed at gunpoint. Makim stated that he recognized the gunman as a recent shopper. The man grabbed a woman customer and told her that he was not going to hurt her. Defendant gave Makim a bag and demanded money. Makim gave the man money from the cash register as well as the cigarettes the man requested. Both Makim and the customer identified defendant in a photo array and at trial.

A-4514-18T4

On January 28, 2009, Anil Patel was sweeping his store when a man wearing a green jumpsuit and black hat entered the store. The man jumped over the counter, displayed a silver handgun and a laundry bag, then demanded money from Patel. After Patel put the money in the laundry bag, he observed the man leave the store. He saw a brown minivan pull away from the store, called 9-1-1, and reported the license plate number of the minivan. The police pursued the brown minivan based on Patel's description. The minivan eventually crashed into a cement divider. Defendant exited the minivan and fled, but he was apprehended by police. When the police caught defendant, he was wearing a green jumpsuit. In the minivan, the police found a silver handgun, hat, black gloves, and laundry bag containing $4.66 in change. After his arrest, defendant was processed, and he had $418.00.

The police brought Patel to the scene of the arrest where he identified the minivan and defendant, and again at trial. Patel testified he was one-hundred percent sure that defendant was the person who robbed him.

Defendant testified that he was not in Linden, the location of Makim's store, on January 12, 2009, nor was he at Patel's store on January 28, 2009. He testified that at around 4:00 p.m., on January 28, 2009, he and Monica Way discussed buying a dog for their daughter. Monica Way testified at trial and

A-4514-18T4

corroborated defendant's testimony. Further, defendant testified he borrowed Tynesha Moore's minivan on January 28. While driving the minivan, a man in a green jumpsuit knocked on the van's window with a handgun and demanded that defendant open the door. Defendant testified the man in the green jumpsuit forced defendant to help him evade the police or else the man would shoot defendant. He drove the van until it lost control and crashed. He also testified that he tried to tell the police about the carjacking by the man in the green jumpsuit.

At trial, the defendant was convicted on the two robbery counts and all the remaining counts. Defendant appealed, and we affirmed his convictions and sentence in an unpublished opinion. State v. Capers (Capers I), No. A-4369-10 (App. Div. Apr. 19, 2013).

On December 9, 2013, defendant filed his first petition for PCR. In that petition, defendant argued three grounds for ineffective assistance of counsel, alleging that his trial counsel failed to pursue a Wade[1] hearing, failed to present a DNA expert to counter the State's expert, and failed to act in a timely manner to preserve Patel's 9-1-1 call.

---

[1] U.S. v. Wade, 388 U.S. 218 (1967).

A judge who did not preside over the trial or the sentence heard argument on the first PCR, denying an evidentiary hearing and the petition. Prior to argument, PCR counsel raised an unbriefed issue, alleging trial counsel's failure to investigate and present alibi testimony regarding the January 12 robbery. PCR counsel presented the court with an investigative report, a handwritten note from the alibi witness, Ambi Parrish, and a copy of an email authored by Parrish ("the Parrish alibi papers"). Parrish claimed to be with the defendant on January 12, 2009, from 5:14 p.m. until 1:26 a.m. the next day. In addition to the Parrish alibi papers, PCR counsel presented a certification[2] from the investigator. Parrish's handwritten letter and email were unsworn. The judge addressed the unsworn Parrish alibi papers on the merits and found them not reliable. He noted that, even if the alibi papers were certified, he would still deny the PCR on the

_____

[2] Rule 3:22-10(c) states that "[a]ny factual assertion that provides the predicate for a claim of relief [in a petition for PCR] must be made by an affidavit or certification . . . and based upon personal knowledge of the declarant before the court may grant an evidentiary hearing." Under this rule, a defendant asserting a claim of ineffective assistance of counsel in a petition for PCR based on his counsel's failure to produce a witness at trial must present a certification by that witness concerning the testimony the witness would have been prepared to give. See State v. Petrozelli, 351 N.J. Super. 14, 23 (App. Div. 2002); State v. Cummings, 321 N.J. Super. 154, 170-71 (App. Div. 1999).

merits, because defendant had the chance to present the alibi evidence at his trial and failed to do so.

Defendant appealed the PCR denial on August 20, 2015. On July 31, 2017, we affirmed denial in an unpublished opinion, finding that the Parrish alibi papers defendant submitted in support of his PCR did not conform with the requirements of Rule 3:22-10(c), and defendant failed to show prima facie evidence of ineffective assistance of counsel. State v. Capers (Capers II), No. A-5645-14 (App. Div. July 31, 2017).

On July 27, 2018, defendant filed a second PCR. In his second petition, defendant argued ineffective assistance of trial counsel grounded in the same three allegations he used in his first PCR, as well as ineffective assistance by the first PCR counsel for failing to have the Parrish alibi papers certified pursuant to Rule 3:22-10(c).

A judge who did not hear the first PCR motion denied defendant's petition. The second PCR judge found it untimely under the twelve-month time limitation established in Rule 3:22-12(a)(2). The judge noted that defendant's factual predicate for the second petition derived from the first petition, which was denied on June 26, 2015. The judge found that the second PCR should have been filed no later than June 27, 2016. This finding rendered defendant's second

PCR time barred. The judge consequently dismissed the defendant's second PCR without an evidentiary hearing.

Nevertheless, the judge addressed the merits of the second petition. The judge noted that the second petition was grounded in the actions of defendant's trial counsel and defendant's first PCR counsel. The judge noted that defendant understood his right to present alibi testimony for the January 28 robbery, and in fact did so. The judge noted that on three occasions defendant did not raise the Parrish alibi. The defendant did not raise the Parrish alibi defense in his January 12, 2009 robbery trial, in the appeal of his conviction (where he filed a supplemental pro-se brief), nor did he raise it in his pro-se PCR application. The judge found that the first-time defendant raised the alibi witness issue was on October 30, 2014, in a letter to his counsel. In the letter, defendant stated he told his trial counsel about the alibi. However, the judge found nothing in the record which revealed any communication between the investigator and trial counsel. The judge found defendant's assertion that trial counsel was aware of the Parrish alibi unsupported by the record. As a result, the judge concluded that defendant's first PCR failed the first prong of Strickland[3], because defendant

---

[3] Strickland v. Washington, 466 U.S. 668 (1984).

failed to demonstrate trial counsel was aware of the alibi or failed to investigate it.

The judge noted that we affirmed the first PCR, finding that defendant failed to make out a prima facie case. Relying on our affirmance as well as his analysis of the merits of the first PCR, the judge found that even if the second petition were timely, defendant failed to present a prima facie case for ineffective assistance of counsel.

Defendant raises following two issues on appeal:

> POINT I - DEFENDANT'S SECOND PCR PETITION SHOULD NOT HAVE BEEN TIME-BARRED.
>
> POINT II - THIS MATTER MUST BE REMANDED FOR AN EVIDENTIARY HEARING BECAUSE DEFENDANT ESTABLISHED A PRIMA FACIE CASE OF TRIAL COUNSEL'S AND FIRST PCR COUNSEL'S INEFFECTIVENESS FOR FAILING TO ADEQUATELY PURSUE A PROSPECTIVE ALIBI WITNESS.

## II.

We conduct a de novo review where the PCR court denies an evidentiary hearing. State v. Jackson, 454 N.J. Super. 284, 291 (App. Div. 2018) (citing State v. Harris, 181 N.J. 391, 421 (2004)). "The Sixth Amendment of the United States Constitution and Article I, paragraph 10 of the New Jersey Constitution require that a defendant receive 'the effective assistance of counsel' during a

criminal proceeding." State v. Porter, 216 N.J. 343, 352 (2013) (citing Strickland, 466 U.S. at 685-86; State v. Fritz, 105 N.J. 42, 58 (1987)). To establish an ineffective assistance of counsel claim, the claimant must prove counsel's performance was deficient and that counsel's "deficient performance prejudiced the defense." State v. Pierre, 223 N.J. 560, 578 (2015) (quoting Strickland, 466 U.S. at 687). To prove a counsel's performance was deficient requires a showing that counsel made errors so serious that counsel was not functioning as the "counsel" guaranteed the defendant by the Sixth Amendment. Ibid. (quoting Strickland, 466 U.S. at 687). Next, to prove the counsel's deficient performance prejudiced the defense, the defendant must show that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable. Pierre, 223 N.J. at 578.

Our court rules impose time limitations for filing first and subsequent PCR petitions.

Rule 3:22-4(b) reads as follows:

> A second or subsequent petition for post-conviction relief shall be dismissed unless:
>
> (1) it is timely under R. 3:22-12(a)(2); and
>
> (2) it alleges on its face either:

9

(A) that the petition relies on a new rule of constitutional law, made retroactive to defendant's petition by the United States Supreme Court or the Supreme Court of New Jersey, that was unavailable during the pendency of any prior proceedings; or

(B) that the factual predicate for the relief sought could not have been discovered earlier through the exercise of reasonable diligence, and the facts underlying the ground for relief, if proven and viewed in light of the evidence as a whole, would raise a reasonable probability that the relief sought would be granted; or

(C) that the petition alleges a prima facie case of ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief.

[R. 3:22-4 (b)]

The threshold condition, listed in subsection 4(b)(1), requires the second or subsequent petition to be filed "timely" under Rule 3:22-12(a)(2).

Rule 3:22-12(a)(2) reads as follows:

Notwithstanding any other provision in this rule, no second or subsequent petition shall be filed more than one year after the latest of:

(A) the date on which the constitutional right asserted was initially recognized by the United States Supreme Court or the Supreme Court of New Jersey, if that right

10

has been newly recognized by either of those Courts and made retroactive by either of those Courts to cases on collateral review; or

(B) the date on which the factual predicate for the relief sought was discovered, if that factual predicate could not have been discovered earlier through the exercise of reasonable diligence; or

(C) the date of the denial of the first or subsequent application for post-conviction relief where ineffective assistance of counsel that represented the defendant on the first or subsequent application for post-conviction relief is being alleged.

[Ibid.]

Rule 1:3-4(c) expressly prohibits enlargement of the time specified for filing petitions for post-conviction relief under Rule 3:22-12. Additionally, we have held that enlargement of the one-year time limit under Rule 3:22-12 is prohibited. Jackson, 454 N.J. Super. at 292 (App. Div. 2018) (citing Aujero v. Cirelli, 110 N.J. 566, 577 (1988)). An untimely subsequent or second filing of a PCR petition cannot "be excused in the same manner as the late filing of a first PCR petition." Id. at 293.

## III.

Defendant claims no newly recognized constitutional right, therefore we find that Rule 3:22-12(a)(2)(A) does not apply to the facts of this case. Defendant's claim is not based on evidence or information that could not have been discovered earlier through the exercise of reasonable diligence. Defendant grounded his first three PCR claims for ineffective assistance of counsel on events which took place at his 2010 trial. None of those claims can be characterized as arising from evidence or information that could not have been discovered earlier. His fourth claim, raised late before the first PCR court, alleged that his trial counsel failed to investigate and present the Parrish alibi witness in the January 12, 2009 robbery trial. Those claims were rejected by the first PCR court on June 26, 2015. On that date, the defendant discovered or should have discovered that the Parrish alibi statements were unsworn and uncertified. Even if the defendant did not discover the Parrish alibi papers' unsworn nature on June 26, he knew of it no later than August 20, 2015, when he filed a notice of appeal. The defendant has shown no factual predicate which "could not have been discovered earlier through the exercise of reasonable diligence," consequently Rule 3:22-12(a)(2)(B) does not apply to the facts of this case.

Defendant is time barred by Rule 3:22-12(a)(2)(C). Over three years elapsed between the denial of the first petition and the filing of defendant's second petition. Defendant argues that the one-year time limitation should commence with our affirmance of the first PCR denial, on July 31, 2017. We disagree. Such an interpretation of the rule would result in an impermissible enlargement of the one-year time limitation. See R. 1:3-4(c); see also Jackson, 454 N.J. Super. at 292.

This court need not reach the merits of defendant's second PCR petition. We disposed of the identical PCR trial arguments in defendant's first petition. We found that the January 12, 2009 alibi statements submitted, which did not comply with the requirements of Rule 3:22-10(c), failed to present prima facie evidence of ineffective assistance of counsel, obviating the need for an evidentiary hearing.

The second PCR judge properly rejected the argument that PCR counsel was ineffective in failing to obtain proper certification for the Parrish alibi papers under Rule 3:22-10(c), citing our unpublished affirmance in Capers II. Ibid. The judge found that, had the second petition been timely, the alleged error was not enough to establish a prima facie case of ineffective assistance of counsel.

13

The second PCR was untimely pursuant to <u>Rule</u> 3:22-12(a)(2). It was correctly dismissed by the judge without an evidentiary hearing under <u>Rule</u> 3:22-4(b)(1).

Affirmed.

I hereby certify that the foregoing is a true copy of the original on file in my office.

CLERK OF THE APPELLATE DIVISION

A-4514-18T4